IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL McDUFFIE, | ) | |
| | ) | |
| *Appellant-Plaintiff*, | ) | No. 16 C 11521 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| JOSEPH THOMAS, | ) | |
| | ) | |
| *Appellee-Defendant*. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On December 20, 2016, Daniel McDuffie filed a Notice of Appeal to the District Court challenging the judgement entered against him in an adversary case before a bankruptcy court. (Adv. No. 16-00147, Dkt. No. 29). The Clerk assigned the appeal to this Court on December 21, 2016. (Dkt. No. 1). Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, McDuffie was required to file and serve the appellee designation of the items to be included in the record on appeal and a statement of the issues to be presented within 14 days of his notice of appeal becoming effective. On January 30, 2017, the Court dismissed the appeal for failure to file an appellate brief as ordered. Four months after the dismissal, on May 15, 2017, McDuffie filed a *pro se* Motion to Vacate the January 30, 2017 order dismissing his appeal. (Dkt. No. 8). McDuffie's Motion to Vacate is denied for the following reasons.

## STATEMENT OF THE FACTS

On or about June 7, 2012, Joseph Thomas and Daniel McDuffie executed a Lease with Purchase Option for property located at 9615 South Bell Avenue, Chicago, Illinois. (Dkt. No. 12 at ¶ 15). Per the terms of the lease, McDuffie agreed to pay Thomas monthly rent to live in the

1

property and purchased an exclusive option to buy the property before June 6, 2014 at certain terms set forth in the agreement. Since 2012, the parties have engaged in various disputes, often before a court, over the terms of the agreement and use of the property.

On May 28, 2015, Thomas filed a Voluntary Petition for Bankruptcy pursuant to Chapter 7, Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois. (*See* 15-BK-18654). In his petition, Thomas listed McDuffie as a creditor holding unsecured nonpriority claims. (*Id.* at Dkt. 22). On March 3, 2016, McDuffie filed Adversary Case No. 16-00147 against Thomas before the Honorable Judge Black in the United States Bankruptcy Court for the Northern District of Illinois. McDuffie's Adversary Complaint sought an order finding that certain debt allegedly owed to him by Thomas was obtained by fraud and, therefore, non-dischargeable in bankruptcy. (Adv. No. 16-00147, Dkt. No. 1). McDuffie also sought judgment against Thomas in the amount of over $152,000. (*Id.*)

On December 12, 2016, Judge Black held a trial in the adversary case and entered judgment against McDuffie for the reasons stated in open court. (*Id.* at Dkt. No. 27). The next day, the bankruptcy court presiding over Thomas' Chapter 7 petition entered an Order of Discharge precluding McDuffie and other claimed creditors from attempting to collect debts from Thomas personally. (15-BJ-18654, Dkt. No. 114). On December 20, 2016, McDuffie filed a Notice of Appeal to the District Court in the adversary case. (Adv. No. 16-147, Dkt. No. 29). In the Notice of Appeal, McDuffie indicated that he had fired his counsel from the adversary case, Anthony Andrews, and would proceed with his appeal *pro se*. (*Id.*) The clerk's docket entry that day notified McDuffie that the Designation of Record was due by January 3, 2017 and Transmission of Record no later than January 19, 2017. (*Id.*)

The appeal was assigned to this Court on December 21, 2016. (Dkt. No. 1). On December 22, 2017, the Court entered an Order directing McDuffie to file an appellate brief by January 23, 2017 and Thomas to file a response brief by February 6, 2017. (Dkt. No. 4). The Order reminded the parties:

> "[B]riefing will proceed in accordance with Rule 8009 of the Bankruptcy Rules. If the appellant fails to file a timely brief, this appeal will be dismissed for want of prosecution, and if the appellee fails to file a timely brief, the court will proceed without the benefit of its views."

The same day, the Court mailed a letter with an attorney appearance form to the parties' counsel in the underlying adversary case. (Dkt. Nos. 2-3). Andrews did not file an appearance on behalf of McDuffie. Despite stating in his Notice of Appeal that he planned to proceed *pro se*, McDuffie did not file a *pro se* appearance at that point.

McDuffie failed to file an appellate brief by January 23, 2017. Accordingly, on January 30, 2017, the Court dismissed the appeal for failure to file an appellant brief. (Dkt. No. 6). On February 27, 2017, the Final Closing Order dated January 30 was entered on the bankruptcy court's docket in the underlying adversary case. About one week later on March 8, 2017, McDuffie filed a *pro se* appearance in this case. On May 15, 2017, McDuffie filed a four-paragraph Motion to Vacate the January 30 Order in this Court. (Dkt. Nos. 7-8). In the Motion, McDuffie claims he "did not receive a briefing schedule explaining when the Appellant's Brief was due and did not receive any documents explaining the procedure for appealing a bankruptcy decision or judgment." (Dkt. No. 8 at ¶ 3). He argues also that "he has a meritorious case and any failure to adhere to appellate procedures was inadvertent and not occasioned by a lack of due diligence." (*Id.* at ¶ 4).

McDuffie failed to timely file documents with the bankruptcy clerk as well. McDuffie failed to file a Designation of Record on Appeal and/or Statement of Issues by January 3, 2017

3

as directed. McDuffie did not file a Designation or Statement with the bankruptcy clerk until January 31, 2017—the day after this Court dismissed his appeal. (*Id.* at Dkt. 37). Moreover, the "Designation of Record on Appeal and Statement of Issues" he filed attached as exhibits his complaint and excerpts of Thomas' petition but did not provide a transcript or statement of proceedings in the adversary case. (*Id.*). McDuffie blamed his failure to obtain the transcription on "extreme difficulty" in dealing with the court reporter. (*Id.* at 2). As a result, to this date, this Court has received no record of the underlying proceedings from which McDuffie appeals.

Thomas' Response to McDuffie's Motion to Vacate recites verbatim the facts stated in his Answer to the Adversary Complaint filed with Judge Black. Thomas's Response recounts the parties' litigation history and argues that McDuffie has used the same allegations of fraud brought in the underlying Adversary Case to avoid making rent payments to Thomas and to continue living in the property subject to the parties' lease for free. (Dkt. No. 12 at ¶ 31). Thomas urges the Court to "not indulge McDuffie's further abuse of process" by granting his Motion to Vacate. (*Id.*)

## DISCUSSION

McDuffie cites no rule in his motion. Nonetheless, the Court treats McDuffie's Motion to Vacate as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (district court properly reviewed motion to vacate dismissal for want of prosecution that cited no specific rule under Rule 60(b).) "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* at (quoting *Karraker v. Rent–A–Center, Inc.*, 411 F.3d 831, 837 (7th Cir.2005)). Vacating a judgment under Rule 60(b) is permissible for certain enumerated reasons including mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). McDuffie's claims that he did not receive the briefing schedule and that his failure was

inadvertent and not due to any lack of diligence fall under "excusable neglect." *See, e.g., In re Ericson*, 175 F. App'x 58, 59 (7th Cir. 2006) (assessing argument that dismissal for want of prosecution in bankruptcy appeal for failure to file appropriate appellant brief under "excusable neglect" provision of Rule 60(b)).

In evaluating excusable neglect, the Court "consider[s] two factors that courts weigh heavily when reviewing dismissals for failure to prosecute: the litigant's past history of dilatory or disrespectful conduct, and whether or not the district court warned the truant litigant that such behavior would lead to a dismissal." *Id.* at 60. Since deciding to proceed *pro se*, McDuffie has certainly missed deadlines and failed to comply with court rules. But the Court hesitates to find on the limited record before it that his compliance failures reflect a pattern of disrespect for the court and opposing parties. Regardless, McDuffie's Motion to Vacate turns on the second warning factor.

"A district court has discretion to dismiss an appeal from the bankruptcy court if the appellant disregards procedural rules." *In re Downs*, 614 F. App'x 855, 856 (7th Cir. 2015). Specifically, under Fed. R. Bankr. P. 8018(a)(4), "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court . . . the district court . . ., after notice, may dismiss the appeal on its own motion." Where the appellant is *pro se*, the district court must provide a direct and explicit warning that the case could be dismissed for want of prosecution before actually doing so. *See, e.g., id.* ("In this circuit, a district court must warn a *pro se* litigant before dismissing her case."); *Matter of Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995) ("[W]here a plaintiff brings an action *pro se*, and so is particularly in need of the court's patience and instruction, this court has consistently held that a district court must give explicit warning prior to dismissing the case for want of prosecution."). A warning on the docket, like the direct

5

one given in this case, is sufficient. *See, e.g., Matter of Bluestein & Co.*, 68 F.3d at 1026 (dismissal would appropriate if "the status call had provided an explicit warning of the consequences for failure to file the brief by the hearing date").

In *In re Ericson*, the *pro se* appellant sought and received two extensions on her deadline to file her appellant brief. 175 F. App'x at 59. In granting the second extension, the court warned that failure to submit a brief by the new deadline would lead to dismissal of her appeal. *Id.* When she failed to do so, the court dismissed her appeal for want of prosecution and then denied her motion to vacate under Rule 60(b)(6). *Id.* The appellant argued she never received the court's order that contained the warning because her mail service was spotty. *Id.* at 60. The Seventh Circuit upheld the denial explaining, "[l]itigants are responsible for maintaining communication with the court during their lawsuits . . . and may not hide behind a court's inability to warn them of impending dismissal when their own actions make such a warning impossible." *Id.* (internal citations omitted). In other words, the appellant "was not allowed to stick her head in the sand . . . and then pull it out and cry foul when her inattention cost her the case." *Id.* The court found that, regardless of whether the spotty service was her fault or not, the appellant "knew it was imperfect and that the district court would soon rule on her motion, so she should have frequently checked in with the court in case its order could not be delivered." *Id.*

McDuffie filed a Notice of Appeal *to the District Court*. He knew a district court and not Judge Black's bankruptcy court would hear his appeal. Moreover, McDuffie knew *this* Court would hear his appeal. The bankruptcy clerk entered a Notice of Docketing Record on January 17, 2017, before McDuffie's appellant brief was due, that stated: "Case Number 16 cv 11521 Assigned Judge: Virginia M. Kendall." (Adv. No. 16-147, Dkt. 36). McDuffie could have and should have checked in with this Court or at least pulled up the docket to determine the status of

the case. As Thomas correctly points out, McDuffie is no stranger to litigation. He has proceeded *pro se* in this district more than once before. *See, e.g.*, *McDuffie v. Sgt. Loney, et al.*, No. 16-cv-8860 (N.D. Ill.) *and McDuffie v. Queens Park Oval Asset Holdings Trust et al.*, No. 17-cv-01842 (N.D. Ill (both *pro se* complaints related to two properties different than the one at issue here in which he also alleges he has an interest). He cannot now reasonably claim ignorance to the most basic of court procedures.

## **CONCLUSION**

For the reasons stated above, the Court denies McDuffie's Motion to Vacate the January 30, 2017 order dismissing his appeal [Dkt. No. 8.]

_____
Hon. Virginia M. Kendall
United States District Judge

Date: March 29, 2018